IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------------
ASHISH PAUL,
                    Petitioner

        -vs-

UNITED STATES OF AMERICA, et al.,

                    Respondents.
------------------------------------------------------------

CASE NO. 1:12 CV 1227

<u>MEMORANDUM OF OPINION</u>

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    *Pro se* petitioner Ashish Paul filed the above-captioned petition for the writ of habeas corpus against the United States of America pursuant to 28 U.S.C. § 2241. Two months later, Mr. Paul filed a Motion for Relief and Release from Incarceration After Adjustment of Home Confinement Credit. (Doc. 4). A Motion for Injunctive Relief/Declaratory Judgment was later filed, adding Bureau of Prisons (BOP) Director Charles B. Samuel, Jr. and Michael S. O'Leary, SDDO of the Department of Homeland Security as respondents. (Doc. 5). Mr. Paul sought an order vacating his sentence, an adjustment of his sentence credits, and cancellation of any immigration proceedings against him.

Since the date his original petition was filed, Mr. Paul has been released from the Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio, having completed a term of imprisonment imposed by the United States District Court of New Jersey. Mr. Paul is presently in the custody of the Department of Homeland Security. Removal proceedings, pursuant to section 240 of the Immigration and Nationality Act, have been initiated against him. Mr. Paul seeks to amend his original pleading, with the concession that his release from BOP custody has mooted two of his original claims. Pending the Third Circuit Court of Appeals' review of his appeal, he wishes to replace these claims with challenges to his removal from the United States.

Section 2242 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; Kellici v. Gonzales, 472 F.3d 416, 418 (6th Cir. 2006). The applicable rule, Federal Civil Rule 15(a), provides that a party may amend its pleading "once as a matter of course at any time before a responsive pleading is served." Here, no responsive pleading has been filed. Therefore, in the interest of justice, Mr. Paul is granted leave to amend his original petition. For the reasons outlined below, however, his amended Petition will be dismissed.

## Background

Mr. Paul is a native and citizen of India. (Doc. 5-1, p.15 , "Notice to Appear"). He was admitted to the United States on 26 January 2002 in Chicago, Illinois as a non-immigrant. Id. On 26 May 2005, his status was adjusted to lawful permanent resident. Id.

2

On 25 September 2006, Mr. Paul was named in a sealed indictment filed in the United States District Court of New Jersey.[1] <u>United States v. Paul</u>, No. 2:06cr0773 (D. NJ). The indictment charged him with conspiracy to commit fraud by wire, radio, or television in violation of 18 U.S.C. §§ 1343 and 2 and money laundering in violation of 18 U.S.C. § 1956. Following a plea of not guilty, Mr. Paul posted a secure bond on 5 October 2005 that entitled him to restricted release within the State of New Jersey. <u>Id.</u>

Mr. Paul later entered into a plea agreement with the government wherein he agreed to an offense level of 24 under the United States Sentencing Guidelines ("Guidelines"). As a condition of the agreement, he waived his right to appeal or collaterally attack the trial court's sentence if it fell within the Guidelines range.[2] On 17 April 2007, Mr. Paul pleaded guilty to money laundering in violation of 18 U.S.C. § 1956(h). He was sentenced to serve 60 months imprisonment on 19 May 2008. The court permitted him to self-surrender to the BOP on 28 July 2008.

On 1 July 2009, Mr. Paul filed a Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255 in the trial court. <u>See Paul v. United States</u>, No. 2:09cv3422 (D. NJ). He argued the waiver of his right to appeal was unenforceable based on the following: (1) ineffective assistance of counsel; (2) government violation of his plea agreement by failing to request a downward departure; (3) invalid plea agreement based on a misapplication of 18 U.S.C. §1956, in view of <u>United States v.</u>

---

[1] Details of Mr. Paul's criminal case were garnered from the Public Access to Court Electronic Records (PACER) system. See C.B. v. Sonora Sch. Dist., 691 F.Supp.2d 1123, 1138 (E.D.Cal.2009) (court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet.")

[2] The Guidelines range for a level 24 offense, with a Category One criminal history, is 51 to 63 months.

3

Santos, 553 U.S. 507 (2008); and, (4) non-disclosure that his status as a Green Card holder rendered him ineligible for a sentence reduction—even though he allegedly expected this in exchange for his guilty plea. Judge Faith S. Hochberg of the District Court of New Jersey denied the Motion on the merits and declined to issue a Certificate of Appealability.

Mr. Paul filed a writ of mandamus in the Third Circuit Court of Appeals. See In re: Paul, No. 11-4326 (3rd Cir. 1 Dec. 2011). The government responded and asked the appeals court to summarily dismiss the petition. The Third Circuit granted the government's request and denied Mr. Paul's request for mandamus relief on 12 January 2012. Six months later, Mr. Paul filed a Motion for Release from Custody in the District Court of New Jersey. Judge Hochberg denied the request on 10 January 2013. Mr. Paul then filed a Notice of Appeal in the Third Circuit on 23 January 2013, requesting an emergency motion to stay his deportation. The appeal is still pending.

In his amended petition before this Court, Mr. Paul now argues: (1) he is entitled to immediate release because the Bureau of Immigration and Enforcement (BICE) is holding him under a defective Notice to Appear; (2) his sentence must be set aside based on actual innocence under Santos and ineffective assistance of counsel under Padilla v. Kentucky, 559 U.S. 356 (2010); and, (3) his deportation to India must be cancelled to avoid placing his life in danger. Inasmuch as the Motion for Injunctive Relief is based on the success of these claims, the Motion will be denied for the same reasons the Court will dismiss Mr. Paul's amended petition.

## 28 U.S.C. § 2241

The writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack. See Garlotte v. Fordice, 515 U.S. 39, 41 (1995). When Mr. Paul filed the above-captioned petition, he was in custody serving a term of imprisonment based on the conviction he now seeks to set aside. Now that he has completed his term of imprisonment for that conviction, the question is whether Mr. Paul still presents a case or controversy under Article III, § 2 of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998).

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). This principle derives from the case or controversy requirement of Article III of the U.S. Constitution, which exists through "all stages of federal judicial proceedings,... [that] the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990). To avoid rendering a petition moot, "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477. See also Maleng, 490 U.S. at 491–492 (habeas petitioner does not remain "in custody" under conviction after the sentence

5

imposed has fully expired merely because of a possibility that the prior conviction will be used to enhance sentences imposed for any subsequent crimes, of which he is convicted).

In this instance, because Mr. Paul faces deportation as a collateral consequence of his conviction, the petition is not rendered moot. Courts have recognized that the collateral consequence of deportation preserves the court's jurisdiction over a controversy. Thus, the challenges to his conviction are not rendered moot by Mr. Paul's release from BOP custody. See United States v. Romera–Vilca, 850 F.2d 177, 179 (3d Cir.1988) (prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction).

## Habeas Challenges to Conviction

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or the imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255. See Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). It is apparent Mr. Paul is aware of this requirement, as he did file a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the trial court, albeit unsuccessfully.

Mr. Paul now argues he is entitled to challenge his conviction pursuant to 28 U.S.C. § 2241 because he is "actually innocent" of the crime to which he pleaded guilty. This assertion is based on a safety valve provision of § 2255 that allows a federal prisoner to file a § 2241 petition challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Hayman, 342 U.S. 205, 223 (1952); In re

6

Hanserd, 123 F.3d 922, 929 (6th Cir.1997). The Sixth Circuit has held that a prisoner who can show that an intervening change in the law establishes his actual innocence may invoke the savings clause of § 2255 and proceed under § 2241. See Lott v. Davis, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. 18 June 2004) (unpublished) ("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"); see also Martin v. Perez, 319 F.3d 799, 804 (6th Cir. 2003); United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").

Citing Wooten v. Cauley, 677 F.3d 303 (6th Cir. 2012), Mr. Paul argues the Sixth Circuit has expressly permitted claims like his to proceed under the safety valve provision of section 2255. The Sixth Circuit did allow the petitioner in Wooten to challenge his conviction under § 2241 because the Court determined the Supreme Court's new interpretation of a money laundering statute in Santos was a substantive change of law and, thus, retroactive. Wooten, 677 F.3d at 308. The Sixth Circuit concluded that Santos applied on collateral review to Wooten's prior conviction. Id. In the present case, however, unlike the prisoner in Wooten, Mr. Paul had the opportunity to present his Santos claim to the trial court. For reasons not subject to review by this Court, Judge Hochberg explicitly denied Mr. Paul's Santos claims on the merits in

7

January 2013. Her opinion also included a denial of Mr. Paul's ineffective assistance of counsel claim.³

The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Therefore, having failed to establish that his § 2255 remedy is inadequate or ineffective, Mr. Paul is not entitled to challenge to his conviction through a § 2241 habeas petition.

### Lack of Jurisdiction to Cancel Deportation

One of the claims raised in Mr. Paul's amended petition challenges a Notice to Appear issued by the BICE on 23 August 2012. He alleges that some time after receiving the notice, he filed multiple requests in an attempt to cancel his removal. The Department of Homeland Security (DHS) consistently advised him, however, that he had no case pending in Immigration Court.

On 18 January 2013, the DHS issued a warrant for Mr. Paul's arrest, along with a Notice of Custody Determination.⁴ (Doc. 7, p. 4). The Notice advised him he would be detained in DHS custody pending a final determination by an Immigration Judge

---

³With regard to Mr. Paul's ineffective assistance of counsel claim based on Padilla (counsel engaged in deficient performance by failing to advise defendant that his guilty plea made him subject to automatic deportation), the Supreme Court recently decided Padilla did not apply retroactively to a defendant whose conviction became final before Padilla was decided. See Chaidez v. United States, 133 S. Ct. 1103 (2013).

⁴No copy of a warrant is attached to the petition. Although Mr. Paul refers to a "Notice of Custody classification," that document, attached as Exhibit A, is titled: "Notice of Custody Determination."

8

pursuant to section 236 of the Immigration and Naturalization Act (INA). See 8 U.S.C. §1226.[5]

Mr. Paul argues it is improper to require his mandatory detention. Although the statute requires that the DHS detain aliens convicted of aggravated felonies, he believes he has raised a good faith challenge to his aggravated felony conviction. Mr. Paul asserts that the DHS would violate his rights if it continued to proceed with his removal from the United States while his appeal is pending in the Third Circuit Court of Appeals.

Section 1226(e) of the Immigration and Nationality Act expressly prohibits judicial review of any discretionary Attorney General decision regarding the detention of aliens. 8 U.S.C. §1226(e). Therefore, no court can set aside "any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." Id.

Mr. Paul's habeas petition can only attack the reasonableness of the length of his detention as a statutory or Constitutional challenge. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001) (habeas corpus proceedings are available as forum for statutory

---

[5]By statute, the Attorney General is mandated to take a criminal alien into custody who:

(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence1 to a term of imprisonment of at least 1 year, or
(D) is inadmissible under section 1182

8 U.S.C.§ 1226(c).

9

and constitutional challenges to post-removal-period detention of an alien). Therefore any claim that seeks relief beyond that scope is beyond the jurisdiction of this Court in habeas corpus petition. See Calcano-Martinez v. INS, 533 U.S. 348, 351 (2001) (habeas corpus is proper forum to raise serious constitutional questions).

Mr. Paul seeks release from mandatory detention because he argues his status as an aggravated felon is questionable. Moreover, he would like the Court to cancel any pending efforts to effect his removal. This requested relief falls squarely within the discretion of the Attorney General. See 8 U.S.C. § 1252(e). For the reasons outlined below, this Court cannot grant Mr. Paul's requested relief.

Mandatory detention is prescribed for certain criminal aliens. See 8 U.S.C. § 1226(c). The Supreme Court upheld the constitutionality of the mandatory detention provision in section 1226(c). See Demore v. Kim, 538 U.S. 510 (2003). Moreover, the Court rejected a due process challenge to section 1226(c) and held that an individualized bond hearing is not required. Id. at 531. As the Supreme Court explained: "Detention during removal proceedings is a constitutionally permissible part of that process." Id. At this stage, Mr. Paul is attacking the application of this statute to his detention. The purpose of his claim is to derail the removal process. This Court, however, is without jurisdiction to grant such relief.

Finally, Mr. Paul argues his life would be in danger if he were removed to India. The nature of his request is one best addressed by an alien seeking asylum in the United States. This Court lacks jurisdiction over Mr. Paul's request. "Immigration judges have exclusive jurisdiction over asylum applications filed by an alien who has

been served a . . . Notice to Appear, after the charging document has been filed with the Immigration Court." 8 U.S.C. §1208.2.

## Conclusion

Mr. Paul's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted. The Motion for Relief and Release from Incarceration (Doc. 4), and Motion for Injunctive Relief/Declaratory Judgment (Doc. 5) are each denied. Finally, his amended petition is dismissed pursuant to 28 U.S.C. § 2243. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]

IT IS SO ORDERED.

/s/ *signature*
UNITED STATES DISTRICT JUDGE

Date 8 April 2013

---

[6] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

11